## COMMONWEALTH *vs.* THOMAS WOODS.

An indictment, which avers that the defendant at a certain place on a certain day, and at
said place from said day to the day of finding the indictment, " was then and there a
common seller of intoxicating liquors," charges but óne offence.

INDICTMENT on *St.* 1855, *c.* 215, § 17, averring that the defend-
ant, " at Hopkinton in the county of Middlesex on the first
day of January in the year one thousand eight hundred and
fifty six, and at said Hopkinton from said last mentioned day
to the day of finding this indictment, without then and there
having any license, appointment or authority therefor first duly
had and obtained according to law, was then and there a com-
mon seller of intoxicating liquors."

The defendant, after conviction in the court of common pleas,
moved in arrest of judgment, that the indictment was bad for
duplicity. *Aiken,* J. overruled this motion, and the defendant
alleged exceptions.

*C. R. Train*, for the defendant. The indictment is uncertain in charging the defendant with being a common seller on a day certain, and again under a *continuando*. Both are pleaded with time and place. Had the words "at said Hopkinton" been omitted, the indictment might possibly have been held good.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J. This indictment charges only a single offence, namely, that the defendant was a common seller of intoxicating liquors, at Hopkinton, on the first day of January 1856, and from that day to the day of the finding of the indictment, without any license, appointment or authority therefor duly obtained. And this form of charge has been decided to be sufficient and proper. *Commonwealth* v. *Pray*, 13 Pick. 359. *Commonwealth* v. *Wood*, 4 Gray, 11. In the second of these cases, the indictment was precisely like that in the present case; that is, the place where the offence was committed was inserted twice; once when alleging a day certain, and again when alleging divers subsequent days. This repetition was doubtless unnecessary, but it was not improper, and there is no ground for the objection that two offences are thereby alleged in the indictment. We express no opinion whether duplicity, when found in an indictment, is cause for arresting judgment.

*Exceptions overruled.*